UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**GENNARO SCARPATI**,

    **Plaintiff,**

vs.                                                      **CASE NO.:**

**FLORIDA HIGHWAY SAFETY AND
MOTOR VEHICLES,**

    **Defendant.**

                                                              /

**COMPLAINT
DEMAND FOR JURY TRIAL**

    **COMES NOW**, the Plaintiff, GENNARO SCARPATI, by and through his attorney, brings this lawsuit seeking injunctive and declaratory relief, and monetary damages against Defendant, FLORIDA HIGHWAY SAFETY AND MOTOR VEHICLES ("FHSMV") for violations of Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973 ("Section 504"). Defendant refused to provide services to Plaintiff due to his disability. Plaintiff was intentionally denied full and equal access of Defendant's services, facilities, and privileges, and failed to take such steps as are necessary to ensure Plaintiff was not excluded, denied services, or otherwise treated differently because of his disability.

**JURISDICTION AND VENUE**

    1.    This Court has jurisdiction over the actions pursuant to 28 U.S.C. § 1331, 1343, for the Plaintiff's claims arising under the ADA and Section 504.

    2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) - (b)(2) because, (1) the Defendant is located in this district, and or (2) a substantial part of the

events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

### PLAINTIFF

3. Plaintiff, Gennaro Scarpati ("Mr. Scarpati"), is and was, at all times material hereto, a resident of Volusia County, Florida. Mr. Scarpati was diagnosed with Arthrogryposis Multiplex Congenita at birth, which limits the movement in his wrist, and is a qualified person with a disability.

### DEFENDANT

4. Defendant, Florida Highway Safety and Motor Vehicles operates an office in Volusia County, at 2575 South Volusia Avenue, Orange City, FL 32763. FHSMV is a public entity within the meaning of 42 U.S.C. § 12131(1), and provides a number of services to citizens in Volusia County to include issuing driver's licenses.

5. Defendant receives federal financial assistance within the meaning of the Section 504 of Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

### FACTUAL ALLEGATIONS

6. Mr. Scarpati was diagnosed with Arthrogryposis Multiplex Congenita at birth, which affects the movement in his wrists. As a result of this condition his hands curve inward.

7. Mr. Scarpati has been married for approximately eight (8) years, and has supported his wife, who has Lupus. Mr. Scarpati has made a living in the chauffeur business, to include driving taxis, limousines, and dispatching since 1997, while living in New York. He has been authorized to drive commercial vehicles up to 26,000 pounds, and held the classification to drive vehicles carrying over sixteen (16) passengers.

8. In October 2018, Mr. Scarpati, and his wife, left New York to move to Florida, and he planned to continue providing for his family by obtaining a job as a chauffeur, taxi driver, or delivery driver which requires a Class E driver's license.

9. On January 7, 2019, Mr. Scarpati went to the FHSMV, located at 2575 S. Volusia Avenue, Orange City, Florida, to transfer his Class E driver license from the state of New York to the state of Florida. The vehicle he used to drive to the FHSMV has a standard transmission e.g. stick shift, requiring Mr. Scarpati to change gears, which he can do without issue. Mr. Scarpati has been driving a stick shift for approximately twenty six (26) years.

10. Upon arrival, Mr. Scarpati checked in, and waited for his number to be called.

11. Once Mr. Scarpati was called to the desk for assistance, he requested his Class E driver license be transferred from New York to Florida. The clerk checked his New York driving background, approved the transfer, took his old license, and cut the corner off of his New York, Class E driver's license and handed it back to Mr. Scarpati.

12. The clerk then looked at Mr. Scarpati's hands, asked Mr. Scarpati something to the effect of *what's up with your disability?* Mr. Scarpati carefully responded by saying something to the effect of *nothing that exceeds my ability to drive*. Prior to issuing him his license, the clerk then told Mr. Scarpati to wait while she got her supervisor.

13. The supervisor then approached Mr. Scarpati, and told Mr. Scarpati, in Florida, it is discretionary to give driver licenses with restrictions. Mr. Scarpati informed the supervisor that he has no restrictions on his New York driver's license. Mr. Scarpati, an experienced chauffer and taxi driver, then offered to show his driving abstract, which is a digital print out of his

license status showing his extensive driving background. But the supervisor refused to look at the paperwork.

14. Mr. Scarpati was then told by the supervisor that due to the way his hands *looked* he would be provided a restricted driver's license, and could only drive an <u>automatic</u> transmission. Mr. Scarpati explained he had been driving for years, and drove to the FHSMV in a <u>standard</u> transmission e.g. stick shift, vehicle without issue. He was dumb founded.

15. Mr. Scarpati was told he could either accept the restricted license, or leave with no license, and schedule a road test later, at his own expense. He then asked the supervisor if he could speak with her superior, and was told she is the only supervisor on duty and he can "take it, or leave it."

16. Mr. Scarpati was shocked, he was left with no option, and was forced to take the restricted license because his New York license had already been surrendered (and the corner cut), and he had already paid for the transfer of his driver's license.

17. Defendant denied Mr. Scarpati his driver's license based solely on the way things *looked* to her.

18. The Plaintiff experienced humiliation, dejection, embarrassment, and frustration as the direct result of Defendant's denial to provide services because of his disability.

19. In an effort to resolve this matter without court intervention, while at the FHSMV, Mr. Scarpati requested to speak with a manager or someone higher-up, but was told by a female employee he could not, and that she was the supervisor on duty.

20. Mr. Scarpati is still in need of a Class E driver license, and will return to the FHSMV for his unrestricted Class E driver license.

21.     As a result of Defendant's actions described above, Mr. Scarpati suffered irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and a deprivation of his rights to non-discrimination on the basis of the his disabilities.

22.     Defendant intentionally violated the rights of Mr. Scarpati, who is entitled to protection under the anti-discrimination statutes.

## COUNT I
## VIOLATIONS OF TITLE II OF THE
## AMERICANS WITH DISABILITIES ACT

23.     Plaintiff repeats and re-alleges allegations ¶¶ 1-22 in support of his claims.

24.     In Count I, Plaintiff seeks declaratory relief, and permanent injunctive relief pursuant to Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., and its implementing regulations.

25.     Plaintiff has Arthrogryposis Multiplex Congenita, and his disability substantially limits major life activities as defined by Title II of the ADA. Plaintiff meets the essential eligibility requirements for Defendant's services at all times material hereto, and is entitled to the protections of the ADA under 42 U.S.C. § 12132, *et seq.*, and its implementing regulations.

26.     The FHSMV is a public entity pursuant to 42 U.S.C. § 12131 (1), and is subject to the mandates of Title II of the ADA and its implementing regulations.

27.     No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.  42 U.S.C. § 12132.

28.     Defendant was denied a service based solely on the way he "looked".

29. Title II of the ADA prohibits Defendant from discriminating against individuals with disabilities by excluding them from participation in or denying the benefits of Defendant's services, programs, or activities, or otherwise subject individuals with disabilities to discrimination. 42 U.S.C. § 12132; 28 C.F.R. Part 35.

30. Defendant's prohibited conduct, actions, and omissions occurred because Defendant's employees regarded Mr. Scarpati as having an inability to drive safely, because of Mr. Scarpati's physical appearance.

31. Defendant's actions, inactions, policies, procedures, and practices constitute discrimination in violation of Title II of the ADA. Defendant's conduct constitutes ongoing and continuous violations of the ADA, and unless restrained, Defendant will continue to violate the law.

32. Mr. Scarpati is still in need of a Class E driver's license, and will return to the FHSMV for his unrestricted Class E driver's license, and other county assistance.

**WHEREFORE**, Plaintiff respectfully requests the relief listed below:

**COUNT II**
**VIOLATIONS OF SECTION 504 OF THE**
**REHABILITATION ACT OF 1973**

33. Plaintiff repeats and re-alleges allegations ¶¶ 1-22 in support of his claims.

34. Plaintiff in this matter requests declaratory relief, permanent injunctive relief, and seeks monetary damages pursuant to Section 504.

35. Plaintiff has Arthrogryposis Multiplex Congenita and is considered an individual with a disability under Section 504 of the Rehabilitation Act.

36. In Count II, Plaintiff alleges Defendant discriminated against people with disabilities in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, which provides, in relevant part:

> No otherwise qualified individual with a disability in the United States, as defined in Section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

37. Defendant is a recipient of federal financial assistance, and, therefore, subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Defendant has discriminated against Plaintiff on the basis of his disability in violation of 29 U.S.C. § 794 and its implementing regulations as more fully described in Count I. Such discrimination includes, but is not limited to, failure to prevent discriminatory exclusion from and or denial of services to people with disability.

38. As a result of Defendant's actions described above, Plaintiff has suffered embarrassment, emotional distress, and deprivation of his rights to non-discrimination on the basis of his disability. Defendant acted intentionally and maliciously to damage the rights and dignity of Plaintiff.

39. Defendant's prohibited conduct, actions, and omissions occurred because Defendant's employees regarded Mr. Scarpati as being unable to drive safely, based on their own assumptions and stereotypes, relying upon Mr. Scarpati's physical appearance.

40. Defendant's actions, inactions, policies, procedures, and practices constitute discrimination in violation of Section 504. Defendant's conduct constitutes ongoing and

continuous violations of Section 504, and unless restrained, Defendant will continue to violate the law.

41. Mr. Scarpati is still in need of a Class E driver license, and will return to the FHSMV for his unrestricted Class E driver license, and other assistance offered at that location.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the relief listed below:

A. The Court assume jurisdiction;

B. The Court enter a declaratory judgment that the actions of Defendant, Florida Highway Safety and Motor Vehicles, described in this Complaint be in violation of the ADA, and Section 504 of the Rehabilitation Act;

C. Enter a permanent injunction for the Plaintiff enjoining Defendant, their successors, agents and employees, and all other persons in concert therewith, from taking or continuing any action which has the purpose or effect of discriminating against the Plaintiff on the basis of his disability, and thereby deny services in violation of the ADA and Section 504 of the Rehabilitation Act;

D. Award compensatory damages for lost wages;

E. Award monetary damages to Mr. Scarpati for his degradation, mistreatment, and loss of dignity as a result Defendant's discriminatory actions in violation of Section 504 of the Rehabilitation Act;

F. Award reasonable attorney's fees, expenses, and costs of suit; and

G. Grant such other relief as the Court may deem equitable and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury on all issues which can be heard by a jury.

Date:   August 27, 2020.

                                       Respectfully submitted,

                                       */s/ Sharon Caserta*
                                       Sharon Caserta, Esq.
                                       Florida Bar No.: 0023117
                                       Morgan & Morgan
                                       Deaf /Disability Rights
                                       76 South Laura Street, Suite 1100
                                       Jacksonville, FL 32202
                                       (904) 361-0078 (Voice)
                                       (904) 245-1121 (Videophone)
                                       (904) 361-4305 (Facsimile)
                                       scaserta@forthepeople.com
                                       *Trial Counsel for Plaintiff*